IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Respondent,<br><br>    vs.<br><br>JUAN ENRIQUE RUIZ-CARO,<br><br>    Movant.<br>_____/ | No. 2:07-cr-0450-GEB-CMK<br>    2:12-cv-0211-GEB-CMK<br><br><br>FINDINGS AND RECOMMENDATON |

      Movant, a federal prisoner proceeding pro se, brings this motion to vacate, set aside or correct a criminal judgment pursuant to 28 U.S.C. § 2255.  Pending before the court is movant's motion for relief from judgment (Doc. 64), and respondent's opposition thereto (Doc. 68).  Movant's has not filed a response to respondent's opposition.

      Respondent opposes the motion to set aside as untimely filed.

      Motions under 28 U.S.C. § 2255 must be filed within one year from the later of: (1) the date the judgment of conviction became final; (2) the date on which an impediment to filing created by governmental action is removed; (3) the date on which a constitutional right is newly-recognized and made retroactive on collateral review; or (4) the date on which the factual predicate of the claim could have been discovered through the exercise of due diligence.  See 28

1 U.S.C. § 2255.  Typically, the statute of limitations will begin to run on the date the judgment of
2 conviction became final.  See 28 U.S.C. § 2255(1); see also United States v. Schwartz, 274 F.3d
3 1220, 1223 (9th Cir. 2001).  Guided by the Supreme Court's definition of finality set forth in
4 Griffith v. Kentucky, 479 U.S. 314, 321 n.6 (1987), the Ninth Circuit has held that, for purposes
5 of a § 2255 motion, finality is determined under the definition set forth in 28 U.S.C. § 2244(d)(1)
6 for habeas corpus cases brought by state prisoners.[1]  Thus, the one-year statute of limitations for a
7 § 2255 motion begins to run "upon the expiration of the time during which [the movant] could
8 have sought review by direct appeal."  Schwartz, 274 F.3d at 1223.

9         Under Federal Rule of Appellate Procedure 4(b)(1)(A), an appeal from a criminal
10 judgment must be filed within ten days after entry of judgment.  Therefore, where no direct
11 appeal is filed, the one-year limitations period begins to run ten days after entry of the judgment
12 of conviction.  See id.  If a direct appeal is filed, the conviction becomes final when the 90-day
13 period for filing a petition for certiorari has elapsed or certiorari has been denied.  See United
14 States v. LaFromboise, 427 F.3d 680, 683 (9th Cir. 2005) (citing Griffith, 479 U.S. at 321 n.6).
15 If the conviction became final before April 24, 1996 – the effective date of the statute of
16 limitations – the one-year period begins to run on the effective date.  See United States v.
17 Monreal, 301 F.3d 1127, 1131 (9th Cir. 2002) (concluding that Monreals's motion was due by
18 April 23, 1997 – one year after April 24, 1996); see United States v. Skurdal, 341 F.3d 921, 924
19 n.2 (9th Cir. 2003) (concluding that Skurdal's § 2255 motion was due by April 23, 1997, because
20 his conviction became final before the effective date); but c.f. Miles v. Prunty, 187 F.3d 1104,
21 1105 (9th Cir. 1999) (concluding, in the context of a habeas corpus petition filed by a state
22 prisoner whose conviction became final before the effective date, that the one-year limitations
23 period began to run the day after the effective date).  Finally, the limitations period under § 2255

---

[1] The Ninth Circuit has also held that there is no reason to distinguish between the limitations periods imposed on state prisoners under § 2244(d)(1) and federal prisoners under § 2255.  See United States v. Battles, 362 F.3d 1195, 1196 (9th Cir. 2004).

is subject to equitable tolling where extraordinary circumstances beyond the movant's control made it impossible to file a motion on time. See United States v. Battles, 362 F.3d 1195, 1197 (9th Cir. 2004) (citing Laws v. Lamarque, 351 F.3d 919, 922 (9th Cir. 2003)).

Here, movant pled guilty in 2007, and judgment was entered July 13, 2007. He did not appeal this conviction. The one-year statute of limitations therefore began ten days later, on July 23, 2007, and expired one year later, on July 23, 2008. His motion to set aside the judgment was not filed until January 25, 2012, well after the one-year statute of limitations.

Movant claims his petition should not been dismissed as untimely if the respondent cannot show prejudice from the delay in filing his petition. However, as respondent argues, the cases movant cites to support this position are pre-ADEPA cases, and prejudice is no longer the standard. Instead, there is now a specific statute of limitations set forth in the statute requiring a petition to be filed within a year, plus any tolling allowed. More that a year passed, and movant's petition is untimely and should be dismissed.

Based on the foregoing, the undersigned recommends that movant's motion to vacate (Doc. 64) be dismissed as untimely.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 30, 2015

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE